JOHN L. BURRIS, Esq., SBN 69888
DeWITT M. LACY, Esq., SBN 258789
**THE LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
Dewitt.Lacy@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANDRE LITTLE, an individual,

        Plaintiff,

v.

CITY OF RICHMOND, a municipal corporation; "FNU" TONG, individually; DOES 1-50, inclusive, individually,

        Defendants,

Case No.: **C13-2067**

COMPLAINT FOR DAMAGES
(42 U.S.C §§ 1983, 1988; and pendent tort claims)

JURY TRIAL DEMANDED

## INTRODUCTION

1. These claims arise out of the wrongful arrest, detention, and beating of Plaintiff ANDRE LITTLE. A CITY OF RICHMOND POLICE OFFICER purposely and maliciously used a Taser gun on ANDRE LITTLE, to his scrotum area, while he was on an Amtrak train platform on March 16, 2012.

## JURISDICTION

2. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of Richmond, Contra Costa County, California, which is

1

within this judicial district.

## PARTIES

3. At all times mentioned herein, ANDRE LITTLE, (hereinafter "Plaintiff"), has been and is a resident of Modesto, California, and is a United States Citizen.

4. At all times mentioned herein, Defendant, CITY OF RICHMOND (hereinafter "CITY"), is a municipal entity duly organized and existing under the laws of the State of California.

5. At all times mentioned herein, "FNU" TONG (hereinafter "TONG"), is sued an individual.

6. Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their actual active participation in the subject incident and/or because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, false arrests and unlawful use of force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.

7. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment.

8. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

9. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

10. For State causes of action related to Federal claims, Plaintiff is required to comply with an administrative claim requirement under California law. Plaintiff has complied with all applicable requirements.

## FACTS

11. The incident took place on March 16, 2012 at approximately 9:00 a.m. on the Amtrak platform in Richmond, CA. Officer TONG of the Richmond Police Department, approached Plaintiff ANDRE LITTLE while he sat waiting for the train to Stockton, California. Officer TONG questioned whether Plaintiff was associated with a group of African-American teenagers who were previously detained for questioning.

12. Plaintiff stated that he was not part of the group. Officer TONG then told Plaintiff to move down the platform. Plaintiff refused and made it clear that he needed to be close by in order to board his train. Officer TONG responded by grabbing plaintiff's wrists. Another officer assisted Officer TONG by tackling Plaintiff and slamming him on the ground. Plaintiff began screaming, "Stop! Let me go! You have the wrong guy!"

13. Officer TONG, then pulled out a Taser gun and pointed it at Plaintiff's head. Plaintiff pushed the Taser gun away in protest. Officer TONG then pointed the Taser gun at Plaintiff's scrotum area. Plaintiff began screaming, "Don't Tase me bro! Please don't Tase me in the balls! You don't have to do this!"

3

14. Officer TONG responded by Tasing Plaintiff's scrotum. The officers then placed Plaintiff on his stomach and Tased him in his back. The officers finally stopped the attack, when the Taser dart became lodged in Plaintiff's back. The officers took Plaintiff to Doctor's Medical Center in San Pablo, California. The Taser dart was surgically removed from Plaintiff's back. Plaintiff was then transferred to Martinez County Jail. Plaintiff was released a few days later. Plaintiff suffered multiple injuries due to the beating and tasing of his scrotum he suffered by the Defendant officers attack. Several Amtrack employees and commuters witnessed the incident.

15. Plaintiff is informed and believes and thereon alleges that CITY OF RICHMOND and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline the involved defendant officers: Richmond Police Officer TONG, and DOES 1-25 inclusive, for their respective misconduct and involvement in the incident described herein. Their failure to discipline defendants: Richmond Police Officer TONG and DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of racial profiling, the use of excessive and/or deadly force and the fabrication of official reports to cover up defendants' Richmond Police Officer TONG and DOES 1-25's inclusive, misconduct.

16. Plaintiff is informed and believes and thereon alleges that members of the Richmond Police Department, including, but not limited to, defendants, Richmond Police Officer TONG and/or DOES 1-25 and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to plaintiff, ANDRE LITTLE.

17. Plaintiff is further informed, believes and thereon alleges that as a matter of official policy -- rooted in an entrenched posture of deliberate indifference to the constitutional rights of primarily the minority citizens who live in the City of Richmond-- defendant CITY OF RICHMOND has long allowed its citizens, such as plaintiff ANDRE LITTLE to be abused by its police officers, including by and Richmond Police Officer TONG or DOES 1-25 and/or each of them, individually and/or while acting in concert with one another.

18. Plaintiff is informed, believes and thereon alleges that CITY OF RICHMOND Police Officers have a history of using excessive force to carry out corrupt schemes and motives. This is evidenced by CITY OF RICHMOND police officers having pleaded guilty to obstruction of justice, bribery, and other related crimes throughout 2012. CITY OF RICHMOND has failed to discipline, or retrain any of the officers who used excessive force for corrupt purposes. The CITY OF RICHMOND'S failure to discipline or retrain any of the involved Officers is evidence of an official policy, entrenched culture and posture of deliberate indifference toward protecting citizen's rights and the resulting false arrests and injuries is a proximate result of the CITY OF RICHMOND'S failure to properly supervise its Police Officers.

19. Plaintiff is informed, believes and thereon alleges that CITY OF RICHMOND knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

## DAMAGES

20. As a consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, Plaintiff ANDRE LITTLE was physically, mentally, and emotionally injured and damaged as a proximate result of the excessive force used against him.

21. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiffs is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. §§1983, 1985-86 and 1988.

## FIRST CAUSE OF ACTION

**(Violation of Fourth Amendment of the United States Constitution)**

**(42 U.S.C. §1983)**

(Against Defendants TONG and DOES 1-10)

22. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 of this Complaint.

23. Defendants' above-described conduct of unlawfully and maliciously beating and repeatedly tasing Plaintiff violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from excessive force and/or the arbitrary and/or unreasonable use of force against him.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

**(*Monell* – 42 U.S.C. section 1983)**

(Against Defendant CITY OF RICHMOND and DOES 11-50)

24. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 23 of this Complaint.

25. Plaintiff is informed and believes and thereon alleges that high-ranking CITY OF RICHMOND officials, including high-ranking police supervisors such as DOES 1 through 10, and/or each of them, knew and/or reasonably should have known about repeated acts of misconduct by Defendant Officers TONG and DOES 1-10, and/or each of them.

26. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendant DOES 11-50, and/or each of them, approved, ratified, condoned,

6

encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said police officers.

27. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendant Officer TONG and DOES 1-10 and/or each of them, encouraged these officers to continue their course of misconduct and caused these officers' lack of training, resulting in the violation of the Plaintiff's rights as alleged herein.

28. Plaintiff further alleges that Defendant DOES 11-50, and/or each of them, were on notice of the Constitutional defects in their training of CITY OF RICHMOND police officers, including, but not limited to unlawful arrests and detentions not based on probable cause.

29. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY OF RICHMOND officials, including high ranking CITY OF RICHMOND Police Department supervisors, Defendant DOES 11-50, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution, the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution and the right to be free from excessive force by police officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Violation of Right To Enjoy Civil Rights)**
**(Violation of CALIFORNIA CIVIL CODE §52.1)**
(Against Defendants TONG and DOES 1 – 10)

30. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 of this Complaint.

31. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the plaintiff's peaceable

exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

**(Violation of State Statutory Rights)**

**(Violation of CALIFORNIA CIVIL CODE §51.7)**

(Against Defendants TONG and DOES 1 – 10)

32. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 31 of this Complaint.

33. Plaintiff is informed and believes and thereon alleges that the conduct of Defendants TONG and DOES 1-10, inclusive, as described herein, was motivated by racial prejudice against Plaintiff. Plaintiff is and was readily recognizable as African-American. In addition, one or more of the Defendants used race as a criteria for determining that it was necessary to detain, harass, and beat Plaintiff while he waited for his train on the Amtrak platform. Defendants violated Plaintiff's rights under California Civil Code §51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

34. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §51.7, reasonable attorney's fees and an additional $25,000.00.

35. As a proximate result of Defendants' wrongful conduct, plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress)**

(Against Defendants TONG and DOES 1-10)

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 of this Complaint.

37. Defendants' above-described conduct was extreme, unreasonable and outrageous.

38. In engaging in the above-described conduct, defendants intentionally ignored or recklessly disregarded the foreseeable risk that plaintiff would suffer extreme emotional distress as a result of defendants' conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### (Assault And Battery)

(Against Defendants TONG and DOES 1-10)

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 of this Complaint.

40. Defendants' above-described conduct in unlawfully and maliciously beating and repeatedly tasing Plaintiff constituted assault and battery.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (Negligence)

(Against Defendant TONG and DOES 1-10)

41. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 40 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

42. At all times herein mentioned, Defendants TONG and DOES 1-10, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and making arrests. The wrongful conduct of Defendants TONG and DOES 1-10 inclusive, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing Plaintiff to suffer injuries and damages set forth herein. Pursuant to Government Code section 815.2(a), Defendant CITY is vicariously liable to Plaintiff for injuries and damages

suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants TONG and DOES 1-10.

43. As a proximate result of Defendant TONG and DOES 1-10 inclusive, negligent conduct, Plaintiff has suffered severe emotional and mental distress from being beaten and tased in the groin by Defendants TONG and DOES 1-10. This event resulted in a devastating traumatic effect on Plaintiff's emotional tranquility.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

44. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum to be determined according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For funeral and burial expenses according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred;

LAW OFFICE OF JOHN BURRIS

Dated: May 6, 2013

John L. Burris
Attorney for Plaintiff

10