UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDRE LITTLE,

    Plaintiff,

    v.

CITY OF RICHMOND, et al.,

    Defendants.

Case No. 13-cv-02067-JSC

**FINAL PRETRIAL ORDER**

The Court held a pretrial conference on January 15, 2015, and ruled as is set forth below.

**STATEMENT OF THE CASE**

The Court will read the following Statement of the Case to the jury voir dire:

> Plaintiff Andre Little ("Little") was arrested at the Richmond Amtrak Station. Little contends that the arresting officer, Kristopher Tong, used excessive and unreasonable force when he grabbed Little, used a Taser on him, and handcuffed him. Tong denies the claim, and instead contends that the officer's use of force was reasonable under the circumstances.

For the purposes of this jury trial, because there are no longer municipal liability claims before the jury, the case shall be captioned *Andre Little v. Kristopher Tong*.

**MOTIONS IN LIMINE**

    **A.**    **Defendant's Motions in Limine**

        **1.**    **Defendant's Motion in Limine No. 1 (Dkt. No. 45)**

Defendant's first motion in limine seeks to exclude three distinct categories of testimony of Plaintiff's police practices expert, Roger Clark. This motion is **GRANTED**. The Court finds that Clark is not qualified to provide an expert opinion or testimony regarding the physiological effects of Tasers. Plaintiffs have conceded the other two categories, which are also excluded.

Accordingly, Clark may not testify about the meaning or interpretation of the California Penal Code or other officers' duty to intervene to assist Officer Tong.

### 2. Defendant's Motion in Limine No. 2 (Dkt. No 46)

Defendant's second motion in limine, which is unopposed, seeks to exclude lay opinions regarding the reasonableness of police conduct. In particular, Defendant seeks to preclude the two Amtrak conductors who witnessed the interaction from testifying about the reasonableness of Officer Tong's conduct. The motion is **GRANTED**.

### 3. Defendant's Motion in Limine No. 3 (Dkt. No. 47)

Defendant's third motion in limine seeks to exclude evidence and argument regarding other recent police misconduct and police brutality incidents under Rules 401 and 403. The motion is **GRANTED**. Counsel shall refrain from mentioning other police incidents—particularly those in Ferguson and New York City—and from mentioning that such incidents are common, during questioning and argument. Counsel shall instruct their witnesses to avoid any reference to these incidents or any others. Counsel will be permitted to question the jury panel during voir dire regarding these other police incidents.

### 4. Defendant's Motion in Limine No. 4 (Dkt. No. 48)

Defendant's fourth motion in limine seeks to exclude evidence and argument regarding false arrest and the disposition of plaintiff's arrest. The motion is **GRANTED**. Plaintiff is not seeking leave to add a claim for false arrest and the jury will not be instructed on the elements of a false arrest claim. Notwithstanding this ruling, the facts surrounding Plaintiff's arrest are admissible as they factor into the excessive force analysis. Plaintiff concedes that evidence regarding the disposition of criminal charges is irrelevant and inadmissible.

### 5. Defendant's Motion in Limine No. 5 (Dkt. No. 49)

Defendant's fifth motion in limine seeks to exclude evidence and argument regarding indemnification or insurance. The motion is unopposed, and it is **GRANTED**.

### B. Plaintiff's Motions in Limine

### 1. Plaintiff's Motion in Limine No. 1 (Dkt. No. 51)

Plaintiff's first motion in limine seeks to three hours of attorney-conducted voir dire for

each party and an equal number of peremptory challenges. The motion is unopposed. The motion is **GRANTED IN PART**. The Court will allow counsel for each party to voir dire the jury panel for one (1) hour. The Court's pretrial order already gave the parties an equal number of peremptory challenges, so that portion of the order is **DENIED AS MOOT**.

### 2. Plaintiff's Motion in Limine No. 2 (Dkt. No. 52)

Plaintiff's second motion in limine seeks to exclude evidence and argument regarding Plaintiff's admission that he smoked a marijuana joint the morning of his arrest. The motion is **GRANTED**. Any evidence or argument or questions regarding Plaintiff's statement that he smoked a joint the morning of his arrest is excluded under Rule 403 until further order of the Court for the reasons stated in open court.

### 3. Plaintiff's Motion in Limine No. 3 (Dkt. Nos. 53, 56)

Plaintiff's third motion in limine seeks to exclude evidence and argument regarding the bag of marijuana found on Plaintiff's possession after his arrest and, in particular, Plaintiff's purported statement to Officer Tong that he (Plaintiff) kept his hands in his pockets despite the officer's orders because of the bag of marijuana. The Court **RESERVES RULING** on this motion pending the evidence at trial. Counsel shall refrain from mentioning this category of evidence during opening statements.

### 4. Plaintiff's Motion in Limine No. 4 (Dkt. Nos. 54, 57)

Plaintiff's fourth motion in limine seeks to exclude evidence and argument regarding plaintiff's prior arrest. The motion is **GRANTED**. Plaintiff's 2012 trespassing arrest in Oakland is not probative of bias against police officers.

### 5. Plaintiff's Motion in Limine No. 5 (Dkt. No. 55)

Plaintiff's fifth motion in limine seeks to preclude Defendant's expert from testifying regarding ultimate issues, opinions based on insufficient facts, and unexplained conclusions. Plaintiff's motion is **GRANTED**: neither party's experts may testify regarding the ultimate issues or facts solely within the jury's purview such as how far away Plaintiff was from Officer Tong, whether Plaintiff's hands remained in his pockets, or whether the force used was in fact reasonable.

**DISPUTED JURY INSTRUCTIONS**

The Court resolved several issues regarding disputed jury instructions. Chief among them, the Court will not instruct the jury regarding Plaintiff's Bane Act claims (Disputed Jury Instruction Nos. 10 & 11) because the parties and the Court agree that if the jury finds a Section 1983 excessive force claim, Bane Act liability automatically follows. In addition, the Court rejected several other proposed instructions, including Disputed Jury Instruction Nos. 8 (Subjective Threats), 9 (Need for Force), and 12 (Duty to Submit). As with all rulings herein, this ruling is subject to revision depending on how the evidence is presented at trial. The Court will revisit any disputes about jury instructions at the Charging Conference.

**CONCLUSION**

Jury trial will commence on January 26, 2015 at 8:30 a.m. in Courtroom D on the 15th Floor. The jury panel will be brought in around 9:00 a.m. at which point the Court will voir dire the jury. Each party shall have one (1) hour to voir dire the jury when the Court is done. Each party may exercise three peremptory challenges, and the Court will empanel a jury of eight, with no alternates. The Court will recess at 3:00 p.m., give or take 30 minutes, with a break around 10:00 a.m. and a 45 minute lunch break around noon, with the exception of Monday, January 26, 2015, when the Court will not break for lunch until the jury is seated.

This Order disposes of Docket Nos. 45, 46, 47, 48, 49, 51, 52, 53, 54, and 55.

**IT IS SO ORDERED**.

Dated: January 16, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge