UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE LITTLE,<br>        Plaintiff,<br><br>    v.<br><br>CITY OF RICHMOND, et al.,<br>        Defendants. | Case No. 13-cv-02067-JSC<br><br>**ORDER DENYING MOTION TO AUGMENT EXPERT WITNESS DISCLOSURE**<br><br>Re: Dkt. No. 99, 102 |

Plaintiff Andre Little initiated this Section 1983 excessive force case in May of 2013. (*See* Dkt. No. 1.) The Court's Pretrial Order set October 31, 2014 as the deadline for the parties' expert disclosures. (Dkt. No. 24 at 1.) The final pretrial conference was held on January 15, 2015. (Dkt. No. 75.) Trial began on January 26, 2015 (Dkt. No. 26), and experts testified for both parties (Dkt. Nos. 83, 86, 88). The Court declared a mistrial on February 2, 2015 and immediately scheduled a retrial for March 23, 2015. (Dkt. No. 90.) Now pending before the Court is Defendant Kristopher Tong's motion for leave to augment his expert witness disclosure to add two additional experts: (1) Dr. John Mendelson, M.D., a forensic toxicologist; and (2) Sgt. Ernest Loucas of the Richmond Police Department. (Dkt. No. 99 at 2.) Plaintiff has not yet filed a response to Defendant's motion. Because the Court finds the motion suitable for disposition without oral argument pursuant to Local Civil Rule 7-1(b), the Court VACATES the hearing set for March 19, 2015 and DENIES Defendant's motion.

Federal Rule of Civil Procedure 16(e) mandates that the pretrial order "shall control the subsequent course of the action . . . [and] shall be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e). This does not mean, however, that a pretrial order is a legal "straightjacket" that unwaveringly binds the parties and the court, rather, the court retains a "certain amount of

latitude to deviate from a pre-trial order," *Manley v. AmBase Corp.*, 337 F.3d 237, 249 (2d Cir. 2003); *see also Castlegate, Inc. v. Nat'l Tea Co.*, 34 F.R.D. 221, 226 (D. Col. 1963), so as to prevent manifest injustice. *See* Fed. R. Civ.P. 16(e).

With respect to retrials, district courts have the discretion to admit or exclude new evidence or witnesses on retrial. *See Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 775 (5th Cir. 1999); *Cleveland v. Piper Aircraft Corp.*, 985 F.2d 1438, 1449–50 (10th Cir.1993); *Total Containment, Inc. v. Dayco Prods. Inc.*, 177 F. Supp. 2d 332, 338-39 (E.D. Pa. 2001); Wright & Miller, 11 Fed. Practice & Procedure § 2803 (3d ed.); *see also Habecker v. Clark Equip. Co.*, 36 F.3d 278, 288 (3d Cir. 1994). This discretion extends to consideration of new expert witnesses, as well. *See, e.g.*, *Hoffman v. Tonnemacher*, No. Civ. F 04-5714 AWI DLB, 2007 WL 2318099, at *3 (E.D. Cal. Aug. 10, 2007).

In this case, Defendant contends that the Court should exercise discretion to allow his two requested experts to testify at the retrial. (*See* Dkt. No. 99 at 2.) Defendant appears to argue that courts should allow new expert witnesses to testify whenever they find "good cause" to do so and the addition of the new evidence will not prejudice the opposing party. (*See* Dkt. No. 99 at 2-3.) Defendant essentially argues that good cause is merely a matter of relevance: here, he contends that because the new expert testimony would be relevant to some of Officer Tong's defenses, the Court should allow the new experts to testify. (*Id.*)

However, the proper standard is not as lenient as Defendant suggests. As the Tenth Circuit explained in *Cleveland*,

> The trial court is much more familiar with the conduct of the original trial, the needs for judicial management and the requirements of basic fairness to the parties in a new trial. We do not feel, however, that the trial court's ruling should be inflexible. Clearly, if the trial court perceives in limiting evidentiary proof in a new trial, a manifest injustice, to one side or the other, the court must retain broad latitude and may with proper notice allow additional witnesses and relevant proof. In this regard, if a party makes a timely motion to produce new and material evidence which was not otherwise readily accessible or known, the court should, within the exercise of discretion, consider *whether denial of the new evidence would create a manifest injustice*.

*Cleveland*, 985 F.2d at 1450 (emphasis added). Accordingly, where the court "perceives 'manifest

2

injustice' in limiting evidentiary proof at a new trial . . . it may, with proper notice, allow additional witnesses and relevant proof." *Martin's Herend Imports*, 195 F.3d at 775; *Cleveland*, 985 F.2d at 1450. The party moving for a modification of a pretrial order has the burden of showing that an amendment is necessary to prevent manifest injustice. *Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005); *Byrd v. Guess*, 137 F.3d 1126, 1132 (9th Cir. 1998). In evaluating whether a party has shown manifest injustice that warrants amendment, courts consider four factors: (1) the degree of prejudice or surprise to the non-moving party if the order is modified; (2) the ability of the non-moving party to cure the prejudice; (3) any impact of the modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification. *Galdamez*, 415 F.3d at 1020 (citation omitted). However, if the moving party knew or should have known that certain witnesses or evidence was necessary at the time of the first trial, then the exclusion of those witnesses during the retrial will likely not be manifestly unjust. *See Martin's Herend Imports*, 195 F.3d at 775 n.15. Such is the case here.

Defendant knew or should have known that both of the proposed experts may have been necessary at the time of the first trial. With respect to the toxicologist, Defendant sought to admit evidence about Little's marijuana consumption during the first trial as it related to the reasonableness of the arresting officer's conduct, but the Court disallowed such testimony precisely because Defendant did not offer an expert on the effects of marijuana use. Defendant plainly should have known that such an expert may have been necessary at the time of the first trial. Similarly, with respect to offering Sgt. Loucas as a Taser expert, Defendant offered Don Cameron as a Taser expert, and therefore clearly was on notice of the need for such testimony. Accordingly, the Court declines to exercise its discretion to allow Defendant to amend the pretrial order by disclosing additional expert witnesses, as excluding these witnesses will not result in manifest injustice. *See Martin's Herend Imports*, 195 F.3d at 775 n.15.

Moreover, Defendant's reliance on *Hoffman*, 2007 WL 2318099, at *3, is inapposite. In that case, in ordering a retrial, the court expressly allowed for a renewed period of discovery and, to allow for flexibility during that discovery period, did not set a new trial date. *Id.* *2. The court noted that allowing the requested experts would not change the complexity of the case nor the

3

1  issues involved. *Id.* at *3.  By contrast, in this case the retrial has already been set, and one of
2  Defendant's proposed experts would bring in an entirely novel topic of expertise into this matter.
3        For the foregoing reasons, the Court DENIES Defendant's motion for leave to augment his
4  expert witness disclosures.  Accordingly, Defendant's administrative motion for an order
5  shortening the time for a hearing on his motion to augment expert witness disclosures is DENIED
6  AS MOOT.
7        This Order disposes of Docket Nos. 99 and 102.
8        **IT IS SO ORDERED**.

Dated:  February 23, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California

4