United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANDRE LITTLE,

          Plaintiff,

    v.

KRISTOPHER TONG,

          Defendant.

Case No. 13-2067 JSC

**PROPOSED JURY INSTRUCTIONS**

Dated:  March 26, 2015

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**WHAT IS EVIDENCE**

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

United States District Court
Northern District of California

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, will say in closing arguments, or have said at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

4

1

2

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

3    Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact,

4    such as testimony by a witness about what the witness personally saw or heard or did.

5    Circumstantial evidence is proof of one or more facts from which you could find another fact.

6    You should consider both kinds of evidence.  The law makes no distinction between the

7    weight to be given to either direct or circumstantial evidence.  It is for you to decide how

8    much weight to give to any evidence.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**EXPERT EVIDENCE**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**CLAIMS AND DEFENSES**

Plaintiff Andre Little was arrested at the Richmond Amtrak Station.  Mr. Little contends that the arresting officer, Kristopher Tong, used excessive and unreasonable force when he grabbed Mr. Little, used a Taser on him, and handcuffed him.  Officer Tong denies the claim, and instead contends that the force he used was reasonable under the circumstances.

United States District Court
Northern District of California

## BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## SECTION 1983 CLAIM - INTRODUCTORY INSTRUCTION

The plaintiff Andre Little brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

### SECTION 1983 CLAIM AND BURDEN OF PROOF

In order to prevail on his section 1983 claim against Defendant, Officer Tong, the Plaintiff, Mr. Little, must prove each of the following elements by a preponderance of the evidence:

  1.  the defendant acted under color of law; and

  2.  the acts of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that Defendant Tong was acting under color of law at the time of this incident.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under the other instructions, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## CAUSATION

In order to establish that the acts or failures to act of Defendant Tong deprived the plaintiff, Mr. Little, of his particular rights under the United States Constitution as explained in later instructions, the plaintiff must prove by a preponderance of the evidence that the officer's conduct was so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## PARTICULAR RIGHTS – FOURTH AMENDMENT – EXCESSIVE FORCE

In general, a seizure of a person is unreasonable under the Fourth Amendment if a law enforcement officer uses excessive force in making a lawful arrest or defending himself. Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that Defendant Tong used excessive force on Mr. Little when the officer grabbed Mr. Little, took him to the ground, used a Taser on him, and/or handcuffed him.

Under the Fourth Amendment, a law enforcement officer may only use such force as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1.  The severity of the crime or the circumstances to which the officer was responding;
2.  Whether the plaintiff posed an immediate threat to the safety of the officer or to others;
3.  Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;
4.  The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;
5.  The type and amount of force used;
6.  The availability of alternative methods to subdue the plaintiff.

1

**EXCESSIVE FORCE**

2

3        Use of reasonable and legitimate force can result in an injury, even a serious injury.

4   However, an officer is only liable if he or she uses excessive force.  If an officer uses

5   reasonable force, the officer cannot be liable under any circumstance, even if a serious injury

6   results.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROVING DAMAGES**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must also determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

- The nature and extent of the injuries;
- The disability, disfigurement, and loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;
- The mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;
- The reasonable value of necessary medical care, treatment, and services received to the present time;
- The reasonable value of wages, earnings, earning capacity, business opportunities, and employment opportunities lost to the present time;
- The reasonable value of wages, earnings, earning capacity, business opportunities, and employment opportunities which with reasonable probability will be lost in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## PUNITIVE DAMAGES

If you find the defendant liable for violation of plaintiff's constitutional rights, you may, but are not required to, award punitive damages.  The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the individual defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that his actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.  In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

17

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1

2

**COMMUNICATION WITH COURT**

3        If it becomes necessary during your deliberations to communicate with me, you may

4   send a note through the Court clerk signed by your presiding juror or by one or more members

5   of the jury.  No member of the jury should ever attempt to communicate with me except by a

6   signed writing; and I will communicate with any member of the jury on anything concerning

7   the case only in writing, or here in open court.  If you send out a question, I will consult with

8   the parties before answering it, which may take some time.  You may continue your

9   deliberations while waiting for the answer to any question.  Remember that you are not to tell

10  anyone—including me—how the jury stands, numerically or otherwise, until after you have

11  reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any

12  note to the Court.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**RETURN OF VERDICT**

2

3      A verdict form has been prepared for you.  After you have reached unanimous

4   agreement on a verdict, your presiding juror will fill in the form that has been given to you,

5   sign and date it, and advise the court that you are ready to return to the courtroom.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California